## BUCKEYE BLOWER CO. v. ARENSMEYER, WARNOCK & ZAHRNDT, Inc.

Circuit Court of Appeals, Second Circuit.
November 4, 1929.

No. 28.

H. A. Toulmin, Jr., of Dayton, Ohio (H. A. Toulmin, of Dayton, Ohio, and Sidney Newborg, of New York City, on the brief), for appellant.

Samuel W. Banning and Haight, Adcock & Banning, all of Chicago, Ill. (Henry F. Wolff, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. It seems to us unnecessary to add much to the opinion of the District Judge. The question is of the scope of the claims, and that in turn must depend upon the prior art. The Powers patent, 558,-610, disclosed all the parts of the infringing blower in the same functional relation; all the defendant has done is to consolidate these and inclose them in a small portable casing, so as to make a "unitary" machine. The specific details of the patent in suit it has not copied, and to serve the plaintiff the claims must cover the consolidation and encasement as such.

Powers appeared in 1896, and McGinness applied for his patent 20 years later; of late it has had very substantial success, and the interval may have been long enough prima facie to justify the inference that the changes, simple though they were, were not a matter of routine. Such an inference would, however, be altogether unwarranted. It appeared through the mouth of the plaintiff's own engineer that McGinness had no success with the blower when he tried to put it on the market; the motor was too noisy, a defect which obviously might be vital. It has only been in recent years, after this has been remedied, that success has followed. In such an art it would be quite without justification to accept the pause between Powers and McGinness as evidence of invention; there is no stimulus to invent what is useless when you have made it, and what must await the further development of an ancillary art. Besides, qua consolidation and incasement, Hubbard already anticipated McGinness. It is true that his structure was quite different, both in result and in means, but not in the bare notion of making a portable "unitary" blower. Hubbard did all there was to do for that, and Powers had long since done the rest.

Decree affirmed.